IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Leah R. Steere, ) | |
| Plaintiff, ) | |
| v. ) | No. |
| Medicredit, Inc., a Missouri corporation, ) d/b/a Medicredit Corporation, ) | 1:07-cv-0941-LJM-JMS |
| Defendant. ) | Jury Demanded |

## COMPLAINT

Plaintiff, Leah R. Steere, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a declaration that Defendant's debt collection practices violate the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### PARTIES

3. Plaintiff, Leah R. Steere ("Steere"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to St. Vincent.

4. Defendant, Medicredit, Inc., d/b/a Medicredit Corporation ("Medicredit"), is a Missouri corporation that acts as a debt collector, as defined by § 1692a of the

FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana. In fact, Medicredit was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

## FACTUAL ALLEGATIONS

5. On May 15, 2007, Ms. Steere and her husband filed a Chapter 7 bankruptcy petition in a matter styled In re: Steere, S.D. Ind. Bankr. No. 07-04469. Among the debts listed on Schedule F of Ms. Steere's bankruptcy petition was a $469 debt she allegedly owed to St. Vincent. Both Medicredit and St. Vincent were listed on the bankruptcy petition. See, excerpt of bankruptcy petition attached as Exhibit A.

6. On May 20, 2007, both Medicredit and St. Vincent were sent, via U.S. Mail, notice of the bankruptcy by the court, see, the Certificate of Service to the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines which is attached as Exhibit B.

7. Nonetheless, Medicredit sent Ms. Steere a collection letter dated June 20, 2007, demanding payment of the $569 debt she had owed St. Vincent prior to the bankruptcy. A copy of this collection letter is attached as Exhibit C.

8. All of Defendant Medicredit's collection actions at issue in this matter occurred within one year of the date of this Complaint.

9. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692e Of The FDCPA --
### Demanding Payment Of A Debt That Is Not Owed

10.   Plaintiff adopts and realleges ¶¶ 1-9.

11.   Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

12.   Demanding payment of a debt that is no longer owed, due to a bankruptcy, is false and/or deceptive or misleading, in violation of § 1692e of the FDCPA.  Randolph v. IMBS, Inc., 368 F3d 726, 728-730 (7th Cir. 2004).

13.   Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA –
### Communicating With A Consumer Represented By Counsel

14.   Plaintiff adopts and realleges ¶¶ 1-9.

15.   Section 1692c(a)(2) prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.

16.   Defendant Medicredit, and the creditor, St. Vincent, were given direct, written notice, through Plaintiff's bankruptcy, that Plaintiff was represented by an attorney in connection with the debt at issue.  By directly sending Ms. Steere the June 20, 2007 collection letter (Exhibit C), despite notice that she was represented by

bankruptcy counsel in connection with this debt, Defendant violated § 1692c(a)(2) of the FDCPA.

17.  Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Leah R. Steere, prays that this Court:

1. Declare that Defendant's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Steere, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Leah R. Steere, demands trial by jury.

Leah R. Steere,

By:_____
One of Plaintiff's Attorneys

Dated: July 20, 2007

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Bonnie C. Dragotto  (Ill. Bar No. 06286065)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)

4

Steven J. Halbert    (Ind. Bar No. 14254-02)
598 West Carmel Drive
Suite E
Carmel, Indiana 46032
(317) 334-7090
(317) 848-3758 (FAX)